Moncure, J.
delivered the opinion of the court.
This is a suit in chancery brought by an executor, who in right of his wife was also one of five residuary legatees of his testator, to recover of the other residuary legatees their respective proportions of a balance reported to be due to the executor from the estate of his testator in an account settled by commissioners appointed by the court of probat. The court below rendered a decree in favor of the executor against each of the defendants, for one-fourth of the balance, with interest, and against all of the defendants, for costs; and from that decree an appeal was taken by three of the defendants; the other, (who was also coexecutor with the plaintiff,) having been proceeded against as an absent defendant. The only question about which there was any controversy in the court below, was as to the right of the executor to a commission of five per cent, allowed him by the com *591 missioners, on the appraised value of the slaves divided in kind among the legatees. And that question is involved in the first assignment of errors.
We are of opinion that the executor was not entitled to commission on the appraised value of the slaves; and that the court below erred in sustaining his claim for the same. It was not necessary .to sell any of the slaves for the payment of debts, legacies or expenses of administration. The executor was not authorized by law or by the will to sell, and did not sell, any of them. They were directed by the will to be divided in kind among the residuary legatees, and they were divided accordingly. There was no necessity, and no propriety, in debiting and crediting their appraised value in the executorial account. A commission on the value of slaves delivered by an executor or administrator to legatees or distributees, has never been allowed or sanctioned by this court. Our statute provides that executors and administrators “ may be allowed such recompense for their personal trouble as the court on passing their accounts shall judge reasonable.” But that recompense has generally, if not always, been measured by a commission upon actual receipts; and such commission has generally been five per cent, upon the receipts; which was considered adequate even in a case in which the testator by his' will directed his executors to be handsomely paid. Waddy’s ex’or v. Hawkins’ adm’r, 4 Leigh 458. In some cases a larger commission has been allowed; but in all of them the extra compensation has been under peculiar circumstances. For a reference to the cases on the subject, see 2 Robinson’s Practice 370, and 2 Lomax on Executors 329. In this case there are no peculiar circumstances to require an extra compensation. The estate was unembarrassed, its transactions few and simple, and its administration very easy.
*592 Besides the slaves, the grain on the farm was divided in kind among the residuary legatees, and a commission of five per cent, was also allowed on the value of the grain. This may have been proper, as the statute directs executors and administrators, whether it be necessary for the payment of debts or not, to sell all such goods of their testator or intestate, specific legacies excepted,'as are liable to perish, be consumed, or rendered worse by keeping. If the grain in this case had been sold under the directions of the statute, the executor would have been entitled .to commission on the amount of the sale. The residuary legatees preferred a division in kind, and to receive their portions in grain instead of money. It would seem to be unreasonable that the effect of such preference should be to deprive the executor of his commission. The difference between the grain and the slaves is that the executor was required by law to sell the one, but had no right to s,ell the other. In Farneyhough's ex'ors v. Dickerson, 2 Rob. R. 582, it was decided that though some of the credits were for bonds due the estate that were passed over by the executor to legatees and voluntarily received by the latter, the executor was nevertheless entitled to commission on the amount of such bonds. But no question was raised in the court below as to the right of the executor to commission on the value of the grain, and none should be permitted to be raised in this court.
In the balance reported to be due, and decreed to be paid, to the executor, some small payments of debts and expenses of administration are included. But these payments were made after the residuary estate had been paid and delivered to the legatees. So that the doctrine recognized in Davis v. Neuman, 2 Rob. R. 664, can have no application to this case. We mean, however, to indicate no opinion upon the *593 question whether that doctrine would apply to the case if the facts were otherwise.
There is nothing in the objection taken in the second assignment of errors, that the whole commission was allowed to one executor when there were two. The other executor did not appeal, and could not, being an absent defendant; and the appellants would have no right to make the objection if there were anything in it.
The objection taken in the third and last assignment of errors is well founded. The burden of the balance due to the executor should have been equally borne by all of the five residuary legatees, including the executor himself; and a decree rendered against each of the appellants for one-fifth, instead of one-fourth of said balance.
We are of opinion that the sum of two hundred and seventy dollars and twenty-five cents,, being the commission on the appraised value of the slaves, should have been deducted from the balance of four hundred and twenty-one dollars and twelve cents claimed by the appellee; and a decree should have been rendered against each of the defendants for one-fifth of the residue, with interest from the 11th day of November 1844, instead of one-fourth of said balance, with interest from that day.
Therefore, so much of the decree appealed from as is inconsistent with the foregoing opinion is, as to the appellants, (but not as to the absent defendant,) reversed with costs, and the residue thereof affirmed ; and the cause is remanded to be further proceeded in accordingly.
Decree reversed.